**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**FORREST J. STUCKY,**

                    **Plaintiff,**

     v.                                     **CASE NO. 22-3306-JWL**

**(FNU) LOEPP, et al.,**

                      **Defendants.**

**MEMORANDUM AND ORDER**
**TO SHOW CAUSE**

Plaintiff Forrest J. Stucky brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is granted provisional leave to proceed *in forma pauperis*. Plaintiff is detained at the Reno County Correctional Facility in Hutchinson, Kansas. For the reasons discussed below, Plaintiff is ordered to show cause why his Complaint should not be dismissed.

**I. Nature of the Matter before the Court**

The Complaint alleges that Lieutenant Loepp with the Hutchinson Police Department ("HPD") released information to the press and the public that Plaintiff had been charged with kidnapping, which Plaintiff alleges was false. Apparently, Plaintiff was arrested, and Loepp or Officer Shrag of the HPD released a statement that he was charged with eight (8) criminal counts, including kidnapping.[1] The Hutchinson Post then posted that information, causing damage to Plaintiff's reputation and the loss of his employment.

---

[1] According to an online search of the Kansas state court dockets, Plaintiff has been charged in Reno County with aggravated robbery, aggravated domestic battery, domestic battery, criminal restraint, three counts of criminal damage to property, two counts of aggravated intimidation of a witness/victim, and violation of a protective order.

Plaintiff brings claims of defamation of character, slander, and perjury, which he claims violated his Eighth and Fourth Amendment rights. Plaintiff names as defendants Lt. Loepp, Officer Shrag, and the Hutchinson Post/Eagle Radio. He requests relief in the form of $750,000.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). "Prisoner" is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c). Additionally, with any litigant, such as Plaintiff, who is proceeding in forma pauperis, the Court has a duty to screen the complaint to determine its sufficiency. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th

---

*See State of Kansas v. Stucky*, Case No. RN-2022-CR-000724.

Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the

line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. Discussion

After reviewing Plaintiff's Complaint, the Court finds that the Complaint is subject to dismissal for the following reasons.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted). "Damages for defamation are not recoverable under § 1983 because a defamed person has not been deprived of any right, privilege or immunity secured to him by the Federal Constitution or laws of the United States." *Ellingburg v. Lucas,* 518 F.2d 1196, 1197 (8th Cir. 1975) (per curiam) (citing *Morey v. Indep. School Dist.,* 429 F.2d 428 (8th Cir. 1970)) (further citations omitted). Harm to reputation does not implicate deprivation of a liberty or property interest under the Constitution. *Paul v. Davis,* 424 U.S. 693, 712 (1976). Therefore, a claim of slander is not cognizable under § 1983. *Cotton v. Simmons,* 23 F. Appx. 994, 2002 WL 93142 (10th Cir. 2002) (unpublished).

"An action alleging slander is a state-law claim within this Court's pendent jurisdiction." *Beals v. Fields*, 2016 WL 8376570, *5 (W.D. Okla. Dec. 23, 2016) (unpublished). However, because Plaintiff's Complaint fails to state any plausible § 1983 claims against the defendants, the

Court declines to exercise pendent jurisdiction over Plaintiff's state-law claim, and that claim is subject to dismissal without prejudice. *See Brooks v. Gaenzle*, 614 F.3d 1213, 1229 (10th Cir. 2010) (stating that federal court should decline to exercise pendent jurisdiction over state-law claims if all federal claims are dismissed before trial and should dismiss state-law claims without prejudice).

## IV.  Response Required

For the reasons stated herein, Plaintiff's Complaint is subject to dismissal under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B).  Plaintiff is therefore required to show good cause why his Complaint should not be dismissed.  Failure to respond by the deadline may result in dismissal of this matter without further notice.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is provisionally granted, pending receipt of a certified copy of Plaintiff's inmate account statement for the 6-month period preceding the filing of the Complaint.

**IT IS FURTHER ORDERED** that Plaintiff is granted to and including **February 28, 2023**, in which to show good cause, in writing, why his Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED.**

**Dated January 31, 2023, in Kansas City, Kansas.**

                                            **S/ John W. Lungstrum**
                                            **JOHN W. LUNGSTRUM**
                                            **UNITED STATES DISTRICT JUDGE**