IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FORREST J. STUCKY,**

          **Plaintiff,**

  v.                               **CASE NO. 22-3306-JWL**

**(FNU) LOEPP, et al.,**

          **Defendants.**

### MEMORANDUM AND ORDER

This matter is a civil rights action filed under 42 U.S.C. § 1983. The Court conducted an initial review of the case and directed Plaintiff to show cause why his Complaint should not be dismissed for failure to state a claim upon which relief may be granted. (Memorandum and Order to Show Cause, Doc. 5) ("MOSC"). Before the Court is Plaintiff's Response to the MOSC (Doc. 6).

In the Complaint, Plaintiff alleges that Lieutenant Loepp with the Hutchinson Police Department ("HPD") released information to the press and the public that Plaintiff had been charged with kidnapping, which Plaintiff alleges was false. Apparently, Plaintiff was arrested, and Loepp or Officer Shrag of the HPD released a statement that he was charged with eight (8) criminal counts, including kidnapping.[1] The Hutchinson Post then posted that information, causing damage to Plaintiff's reputation and the loss of his employment. Plaintiff brings claims of defamation of

---

[1] According to an online search of the Kansas state court dockets, Plaintiff was charged in Reno County with aggravated robbery, aggravated domestic battery, domestic battery, criminal restraint, three counts of criminal damage to property, two counts of aggravated intimidation of a witness/victim, and violation of a protective order. *See State of Kansas v. Stucky*, Case No. RN-2022-CR-000724.

1

character, slander, and perjury, which he claims violated his Eighth and Fourth Amendment rights. Plaintiff names as defendants Lt. Loepp, Officer Shrag, and the Hutchinson Post/Eagle Radio. He requests relief in the form of $750,000.

The MOSC found that Plaintiff had not stated an actionable claim. "Damages for defamation are not recoverable under § 1983 because a defamed person has not been deprived of any right, privilege or immunity secured to him by the Federal Constitution or laws of the United States." *Ellingburg v. Lucas,* 518 F.2d 1196, 1197 (8th Cir. 1975) (per curiam) (citing *Morey v. Indep. School Dist.,* 429 F.2d 428 (8th Cir. 1970)) (further citations omitted). Harm to reputation does not implicate deprivation of a liberty or property interest under the Constitution. *Paul v. Davis,* 424 U.S. 693, 712 (1976). Therefore, a claim of slander is not cognizable under § 1983. *Cotton v. Simmons,* 23 F. Appx. 994, 2002 WL 93142 (10th Cir. 2002) (unpublished).

In response to the MOSC, Plaintiff asserts that the Complaint brings a deliberate indifference claim rather than a claim for slander or defamation. He alleges that Defendant Loepp and Defendant Shrag deliberately attacked his character and social status. He further states that before the defendants' "slanderous attack," he was co-owner and manager of two different tattoo parlors. After the attack, he no longer owns any business and has no employment.

"Deliberate indifference" is the state of mind required for finding cruel and unusual punishment under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A defendant can be deliberately indifferent to a prisoner's serious medical needs, deliberately indifferent to a prisoner's safety, or deliberately indifferent to prison conditions posing a substantial risk of serious harm to a prisoner. Plaintiff's allegations involve none of these situations. Despite Plaintiff's attempt to recharacterize his claim, he has failed to show good cause why his Complaint should not be dismissed for the reasons discussed above and in the MOSC.

3

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint is **dismissed** for failure to state a claim upon which relief may be granted.

**IT IS SO ORDERED.**

**DATED:  This 7th day of March, 2023, at Kansas City, Kansas.**

<pre>
                              S/   John W. Lungstrum
                              JOHN W. LUNGSTRUM
                              UNITED STATES DISTRICT JUDGE
</pre>